POLSINELLI PC
Jason A. Nagi
600 Third Avenue, 42nd Fl.
New York, New York 10016
jnagi@polsinelli.com
(212) 644-2092
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAC FUND II 0826, LLC,<br><br>               Plaintiff,<br><br>          -against-<br><br>BURNELL'S ENTERPRISES, INC., AMERICAN BUG CO., INC., a/k/a AMERICAN BUG COMPANY, INC., RONALD BASSETT as EXECUTOR OF THE ESTATE OF ADELL D. BASSETT,  RONALD BASSETT, individually, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, AMERICAN EXPRESS CENTURION BANK, and "JOHN DOE NO. I" to "JOHN DOE NO. XXX," inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>               Defendants. | Case No.: _____<br><br><br>**<u>VERIFIED COMPLAINT</u>** |

Plaintiff SAC Fund II 0826, LLC ("**Plaintiff**"), by and through its attorneys, for its Complaint against defendants Burnell's Enterprises, Inc.; American Bug Co., Inc., a/k/a American Bug Company, Inc.; Ronald Bassett, as executor of the Estate of Adell D. Bassett; Ronald Bassett, individually; New York City Department of Finance; New York City Environmental Control Board; American Express Centurion Bank and John Doe Nos. I to XXX; states as follows:

***The Parties***

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware.

2.      For the purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Florida because its sole member, FIA Capital Partners, LLC is a citizen of the State of Florida and FIA Capital Partners, LLC's sole member is an individual and a Florida citizen.

3.      Defendant Burnell's Enterprises, Inc. ("**Borrower**") is a corporation organized and existing under the laws of the State of New York, and is thus a citizen of the State of New York.

4.      Defendant, American Bug Co., Inc. a/k/a American Bug Company, Inc. ("**American Bug**") is a corporation organized and existing under the laws of the State of New York, and is thus a citizen of the State of New York.

5.      Ronald Bassett ("**Bassett**") is an individual currently incarcerated in the United States Penitentiary, Canaan in Waymart, Pennsylvania.  Bassett can be served via the Warden of the United States Penitentiary, Canaan.  Bassett is the owner of the Francis Property (defined below) and is the executor of the Estate of Adell D. Basset.

6.      For the purposes of diversity jurisdiction, Bassett is a citizen of the State of New York because Bassett was a citizen of New York prior to his incarceration.

7.      Defendant New York City Department of Finance ("**NYCDF**") has its principal place of business at 66 John Street, 2nd Floor, New York, New York 10038.   NYCDF is a citizen of the State of New York and is named as a party defendant herein based upon the possible existence of liens, judgments, encumbrances, lis pendens or other filings against the Property.

8.     Defendant, New York City Environmental Control Board ("**ECB**") has its principal place of business at 233 Schermerhorn Street, 11th Floor, Brooklyn, New York 11201. ECB is a citizen of the State of New York and is named as a party defendant herein based upon the possible existence of liens, judgments, encumbrances, lis pendens or other filings against the Property.

9.     Defendant American Express Centurion Bank ("**American Express**") is a Utah corporation with its principal place of business at 4315 S 2700 West, Salt Lake City, Utah 84148.  American Express is a citizen of the state of Utah and is named as a party defendant herein based upon the possible existence of liens, judgments, encumbrances, lis pendens or other filings against the Property.

10.     Defendants John Does I through XXX are currently unknown to Plaintiff, but, on information and belief, are tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint.

### *Jurisdiction and Venue*

11.     Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### *The Loan Transaction*

13.     Borrower signed and delivered to Community Capital Bank ("**Original Lender**"), that certain Restated Promissory Note (as amended from time to time, collectively, the "**Note**"), dated as of October 1, 2005, in the original principal amount of $950,000.00 (the "**Loan**").  A

true and correct copy of the Note, with an allonge in favor of Plaintiff, is attached hereto as **Exhibit A**.

14.     The indebtedness owed under the Note is secured by by four separate parcels of Real Property: 193-02 Linden Blvd., St. Albans, New York ("**Linden**"); 110-11 Sutphin Blvd., Jamaica, New York ("**Sutphin**"); 111-21 Farmer's Blvd., St. Albans, New York ("**Farmers**"); and 112-113 Francis Lewis Blvd., Jamaica, New York ("**Francis**"), and all improvements and fixtures related to each parcel (collectively, the "**Property**") pursuant to the following mortgages:

(a)     That certain Mortgage and Security Agreement dated as of April 16, 2002 ("**Mortgage No. 1**"), signed by Borrower, American Bug and Luke Bassett[1] and delivered for the benefit of Original Lender, and the Property is legally described on Schedule A to Mortgage No. 1.  A true and correct copy of Mortgage No. 1 is attached hereto as **Exhibit B.**

(b)     The terms of Mortgage No. 1 were modified pursuant to that certain Loan and Mortgage Modification Agreement, dated as of March 4, 2004 ("**Modification No. 1**"), signed by Borrower, American Bug and Adell D. Bassett as Executor of the Estate of Luke Bassett (deceased), and delivered for the benefit of Original Lender.  A true and correct copy of Modification No. 1 is attached hereto as **Exhibit C**.

(c)     That certain Gap Mortgage dated as of March 4, 2004 ("**Mortgage No. 2**"), signed by Borrower, American Bug, Adell D. Bassett as Executor of the Estate of Luke Bassett (deceased) and Adell D. Bassett (deceased), and

---

[1] Bassett is the successor-in-interest to Luke Bassett (deceased).

delivered for the benefit of Original Lender, and the Property is legally described on Schedule A to Mortgage No. 2. A true and correct copy of Mortgage No. 2 is attached hereto as **Exhibit D.**

(d)      That certain Consolidation, Modification and Extension Agreement, dated as of March 4, 2004 ("**Consolidation No. 1**"), signed by Borrower, American Bug and Adell D. Bassett as Executor of the Estate of Luke Bassett (deceased), and delivered for the benefit of Original Lender, and the Property is legally described on Schedule A to Exhibit A to Consolidation No. 1. A true and correct copy of Consolidation No. 1 is attached hereto as **Exhibit E.**

(e)      That certain Gap Mortgage dated as of October 1, 2005 ("**Mortgage No. 3**"), signed by Borrower, American Bug and Adell D. Bassett as Executor of the Estate of Luke Bassett (deceased), and delivered for the benefit of Original Lender, and the Property is legally described on Schedule A to Mortgage No. 3. A true and correct copy of Mortgage No. 3 is attached hereto as **Exhibit F.**

(f)      That certain Consolidation, Modification and Extension Agreement, dated as of October 1, 2005 (the "**Mortgage**[2]"), signed by Borrower, American Bug and Adell D. Bassett as Executor of the Estate of Luke Bassett (deceased), and delivered for the benefit of Original Lender, and the Property is legally described on Schedule A to Exhibit A to the Mortgage. A true and correct copy of the Mortgage is attached hereto as **Exhibit G**.

---

[2] Mortgage No. 1, Modification No. 1, Mortgage No. 2, Consolidation No. 1, Mortgage No. 3, and the Mortgage are sometimes referred to herein collectively as the "**Mortgages**."

15.     Mortgage No. 1 was duly recorded in the Office of the City Register of the City of New York, Queens County, on May 17, 2002, on Reel 6380, Page 2255.  (Ex. B.)

16.     Modification No. 1 was duly recorded in the Office of the City Register of the City of New York, Queens County, on July 12, 2004, as CRFN 2004000433332.  (Ex. C.)

17.     Mortgage No. 2 was duly recorded in the Office of the City Register of the City of New York, Queens County, on July 12, 2004, as CRFN 2004000433333.  (Ex. D.)

18.     Consolidation No. 1 was duly recorded in the Office of the City Register of the City of New York, Queens County, on July 12, 2004, as CRFN 2004000433334.  (Ex. E.)

19.     Mortgage No. 3 was duly recorded in the Office of the City Register of the City of New York, Queens County, on March 15, 2006, as CRFN 2006000145573.  (Ex. F.)

20.     The Mortgage was duly recorded in the Office of the City Register of the City of New York, Queens County, on March 15, 2006, as CRFN 2006000145574.  (Ex. G.)

21.     In connection with the Loan, American Bug and Adell D. Bassett signed and delivered to Original Lender that certain Guaranty Agreement dated October 1, 2005, (the "**Guaranty**"), pursuant to which American Bug and Adell D. Bassett guaranteed Borrower's obligations under the Loan Documents.  A true and correct copy of the Guaranty is attached hereto as **Exhibit H**.

22.     The Note, Mortgages, Guaranty and all other documents further evidencing, securing or executed in connection with the debt owned under the Note, are referred to herein collectively as the "**Loan Documents**."

23.     Original Lender merged with Carver Federal Savings Bank ("**Carver**"), causing Carver to become the owner and holder of the Loan Documents by operation of law.

24.     Carver subsequently assigned the Loan Documents to Plaintiff evidenced by the allonge attached to the Note, as executed by Carver in favor of Plaintiff. (Ex. A.)

25.     In connection with the assignment of the Loan, the original Loan Documents including the Note and other Loan Documents were delivered to Plaintiff, and, thus, Plaintiff is the current holder and owner of the Loan Documents.

26.     The Mortgages were assigned to Plaintiff pursuant to that certain Assignment of Mortgage, dated as of September 24, 2015, executed by Carver in favor of Plaintiff. (the "**Assignment of Mortgage**").   A true and correct copy of the Assignment of Mortgage is attached hereto as **Exhibit I**.

27.     The Assignment of Mortgage was duly recorded in the Office of the City Register of the City of New York, Queens County, on December 28, 2015, as CRFN 2015000458396. (Ex. I.)

28.     Prior to the commencement of this action, Plaintiff has been in exclusive possession of the original Note, endorsed to Plaintiff, and has not transferred the same to any other person or entity.

### *Default Under the Loan Documents*

29.     The Loan Documents provide, among other things:

    a.  Borrower shall make monthly payments of principal and interest and other amounts;

    b.  an Event of Default occurs if Borrower fails to pay real estate taxes, assessments, water charges, sewer rents or insurance premiums when due and payable;

 c. in the event of a default by Borrower, the entire unpaid principal, accrued interest, prepayment premium, and all other amounts payable under the Loan Documents may be declared immediately due and payable;

 d. in the event of a default by Borrower, Borrower's license to collect the rents generated by the Property may be revoked;

 e. in any action to foreclose, Plaintiff shall be entitled to the appointment of a receiver without notice or regard to value;

 f. Borrower will pay a late charge on any installment when paid more than 10 days after the due date thereof;

 g. Plaintiff shall be entitled to legal expenses, costs and fees; and

 h. in the event of a default by Borrower, interest at the default rate set forth in the Loan Documents shall be owed by Borrower.

30. Beginning in April of 2012, Borrower failed to pay certain real property taxes assessed against the Property, which failure constitutes an Event of Default under the Loan Documents.

31. By letter dated July 1, 2015 (the "**Default Letter**"), counsel for Plaintiff notified Borrower, American Bug, and Adell Bassett, both individually and as the Executor of the Estate of Luke Bassett, that Borrower was in default under the Loan Documents for failure to make monthly payments of principal and interest, and failure to pay real estate taxes and assessments when due.  A true and correct copy of the Default Letter sent to Borrower is attached hereto as **Exhibit J**.

32. As a result of the defaults, the Note was accelerated on July 28, 2015.

33.     In connection with the acceleration counsel for Plaintiff notified Borrower, American Bug, and Adell Bassett, both individually and as the Executor of the Estate of Luke Bassett, by letter dated July 28, 2015 ("**Acceleration Letter**"), that the Loan had been accelerated due to Borrower's failure to cure the defaults referenced in the Default Letter.  A true and correct copy of the Acceleration Letter (redacted to remove certain confidential information) is attached hereto as **Exhibit K**.

34.     Borrower has failed to cure the defaults and remains in default under the Loan Documents.

### *Amounts Due Under the Loan Documents*

35.     As of April 1, 2018, the following amounts are due and owing to Plaintiff under the Loan Documents:

a.  Unpaid principal balance of $725,171.58;

b.  Interest accrued from March 1, 2012, through April 1, 2018 (2191 days) at 24% ($483.45 per diem) in the amount of $1,054,161.72;

c.  Tax Advances in the amount of $233,963.00;

d.  Insurance Advances in the amount of $9,261.18;

e.  Interest on advances from May 11, 2016 to April 1, 2018 (690 days) at 24% in the amount of $106,148.49;

f.  Late charges the amount of $9,222.84;

g.  Any and all fees and costs incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents for the protection, preservation and realization of the Property, including processing fees, late charges, inspection fees, expenses, administrative

fees, attorneys' fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property;

h.  Less any funds paid by Borrower but not yet applied to the debt by Plaintiff; and

i.  Any other amounts due and owing under the Loan Documents.

### *Right to Possession and Rents*

36.  Under Section 10.1(h) of the Mortgage, while any Event of Default remains uncured, Plaintiff is entitled to take possession of the Property and may collect the Rents.

37.  In addition, under Section 10.1(h) of the Mortgage, the license granted to Borrower to collect and retain Rents was revoked upon an Event of Default under the Loan Documents.

38.  Plaintiff is entitled to an order directing all rents, issues and profits from the Property be remitted to Plaintiff in accordance with the terms of the Mortgage and other Loan Documents and directing that any such amounts be used to reduce the indebtedness described above.

### *Right to Foreclosure*

39.  Under the Mortgage, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure.  Thus, Plaintiff is entitled to an Order from the Court that the Mortgage be foreclosed, that the liens provided therein be declared as first and prior liens on the Property, and that Plaintiff be granted immediate possession of the Property.

40.  No other action has been brought to recover any part of the debt under the Mortgage, Note, or other Loan Documents.

41.  The Defendants, NYCDF, ECB, American Express and John Doe Nos. I to. XXX have or claim to have some interest in, or lien upon, the Property or some part thereof, which

10

interest or lien, if any, has accrued subsequent to the lien of the Mortgage, and is subject and subordinate thereto; as such, Defendants, NYCDF, ECB, American Express and John Doe Nos. I to XXX should assert whatever interest they have or may claim to have in the Property.

42.     Plaintiff may not be deemed to have waived, altered, released, or changed its election to foreclose by reason of any payment made after the date of commencement of this action of any and all of the defaults identified herein.

43.     Plaintiff specifically reserves the right to pursue a temporary injunction, appointment of receiver, or other relief with respect to its rights under the Loan Documents. Pursuant to N.Y. Real Prop. Acts. Law §1371, Plaintiff will move the Court to enter final judgment against Borrower, American Bug and Ronald Bassett, as Executor of the Estate of Adell D. Bassett, for any residue of the debt under the Note remaining unsatisfied after the foreclosure sale of the Property is completed.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Property as follows:

A.      Finding that Plaintiff has a first and best lien on the Property;

B.      Ordering that Plaintiff has the legal right and is authorized to foreclose on the Property:

(i)     in separate parcels or in a single parcel, whichever will maximize the value of the Property, according to law together with the fixtures and articles of personalty upon the premises;

(ii)    subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

(iii)   subject to any state of facts that an accurate survey would show;

(iv)     subject to covenants and restrictions of record, if any; and

(v)      subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the premises;

C.      Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Property, free of any and all interests that are or might be asserted by the Defendants to this Complaint;

D.      Ordering that Plaintiff has the right to credit bid at such foreclosure sale any and all amounts due to Plaintiff under the Note;

E.      Ordering and directing that the United States Marshall, the Sheriff of Queens County, New York, or any referee appointed in this action, foreclose the Property and deliver title via a Marshall's Deed, Sheriff's Deed or Referee's Deed, and bill of sale, as appropriate, to the successful bidder at such foreclosure;

F.      Ordering and directing that the proceeds of the sale be applied as follows:

(i)      to payment of the expenses of the sale;

(ii)     to the payment of the debt owed to Plaintiff under the Note;

(iii)    to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

(iv)     to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

(v)      to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property; and

(vi)     the surplus, if any, to the payment of debts secured by junior liens on the Property and then, to Borrower, in accordance with further order of the Court;

G.     Ordering that Borrower has no right of redemption or reinstatement with respect to the Property;

H.     Finding that Plaintiff has preserved its right to pursue any deficiency that may exist under the Note and other Loan Documents after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts. Law §1371 and may move the Court to enter final judgment against Borrower, American Bug and Ronald Bassett, as Executor of the Estate of Adell D. Bassett, for such deficiency; and

I.     Ordering all further relief is just, proper, and equitable.

Dated:  New York, New York
       June 14, 2018

POLSINELLI PC

By:     _/s/ Jason A. Nagi_____
       JASON A. NAGI
       600 Third Avenue, 42nd Floor
       New York, NY 10016
       jnagi@polsinelli.com
       (212) 644-2092

       ATTORNEYS FOR PLAINTIFF
       SAC FUND II 0826, LLC

STATE OF FLORIDA
COUNTY OF PALM BEACH

David Goldwasser being duly sworn, says that he is an authorized signatory of SAC FUND II

0826, LLC, that he has read the foregoing verified complaint and said verified complaint is

true to his own knowledge except as to matters therein stated to be alleged on information

and belief and that as to those matters he believes them to be true.

_____
David Goldwasser

Sworn to before me this
30 day of May, 2018

_____
Notary Public

Notary Public State of Florida
Hinde Rubenstein
My Commission FF 198133
Expires 02/10/2019