UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SAC FUND II 0826, LLC,                            :
                                                  :
                        Plaintiff,                :
                                                  :
            -against-                             :
                                                  :          **REPORT AND**
BURNELL'S ENTERPRISES, INC., AMERICAN             :          **RECOMMENDATION**
BUG CO., INC., a/k/a AMERICAN BUG                 :
COMPANY, INC., RONALD BASSETT as                  :          18-CV-3504 (ENV)(PK)
EXECUTOR OF THE ESTATE OF ADELL D.                :
BASSETT, RONALD BASSETT, individually, NEW        :
YORK CITY DEPARTMENT OF FINANCE, NEW              :
YORK CITY ENVIRONMENTAL CONTROL                   :
BOARD, AMERICAN EXPRESS CENTURION                 :
BANK, and "JOHN DOE NO. I" to "JOHN DOE           :
NO. XXX," inclusive, the last thirty names being  :
fictitious and unknown to plaintiff, the persons or :
parties intended or corporations, if any, having or :
claiming an interest in or lien upon the premises :
described in the complaint,                       :
                                                  :
                        Defendants.               :
------------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff SAC Fund II 0826, LLC brought this action against Defendants Burnell's

Enterprises, Inc. ("Burnell's"), American Bug Company, Inc. ("American Bug"), Ronald Bassett,

individually and as the Executor of the Estate of Adell D. Bassett, the New York City Department

of Finance ("DOF"), the New York City Environmental Control Board ("ECB"), and American

Express Centurion Bank ("American Express"),[1] pursuant to N.Y. REAL PROP. ACTS. LAW §§ 1301

*et seq.* (McKinney, 2019), to foreclose a mortgage encumbering four separate properties located at (1)

193-02 Linden Boulevard., St. Albans, New York, (2) 110-11 Sutphin Boulevard., Jamaica, New

---

[1] Additionally, Plaintiff named "John Doe No. I to John Doe No. XXX" as defendants on information and belief that they are tenants, occupants, persons or corporations who have or claim an interest in or lien upon the Properties. (Compl. ¶ 10.) There is no indication that defendants "John Doe No. 1 to John Doe No. XXX" were identified or served; thus, they should be dismissed from this case. *See* Fed. R. Civ. P. 4(m).

York, (3) 111-21 Farmer's Boulevard., St. Albans, New York, and (4) 112-13 Francis Lewis Boulevard., Jamaica, New York (collectively, the "Properties"). (*See* Compl., Dkt. 1.)  Plaintiff is the owner and holder of the note secured by the mortgage on the Properties.  (Compl. ¶¶ 24-26; *see also* Compl., Ex. A, I.)

Before this Court on referral from the Honorable Eric N. Vitaliano is Plaintiff's Motion for Default Judgment (the "Motion").  (*See* Dkt. 22; Oct. 10, 2018 Order.)  For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted as to Defendants Burnell's, American Bug, Ronald Bassett, and American Express, but denied as to Defendants DOF[1] and ECB.

## FACTUAL BACKGROUND

### A.  Agreements between the Parties

The Properties were encumbered through various instruments, including mortgages, notes, guaranties, and consolidation agreements (collectively, the "Loan Documents") over the course of several years, as follows:

#### *April 16, 2002 "Mortgage and Security Agreement"*

On April 16, 2002, Burnell's[2], American Bug[3] and Luke Bassett executed a credit line mortgage, secured by a credit note, mortgaging the Properties and thereby securing a non-revolving credit line of $499,000.  Burnell's owned the property located at 193-02 Linden Boulevard, American Bug owned the properties located at 110-11 Sutphin Boulevard and 111-21 Farmers Boulevard, and Luke Bassett owned the property located at 112-13 Francis Lewis Boulevard.  (Compl., Ex. G.)  The mortgage was guaranteed "unconditionally" by American Bug and Luke Bassett, and was recorded

---

[2] Adell D. Bassett acted on behalf of Burnell's as its President.

[3] Adell D. Bassett acted on behalf of American Bug as its President.

in the Office of the City Register of the City of New York, Queens County ("Queens County Recording Office"). (Compl., Ex. B, C, I.)

### *March 4, 2004 "Loan and Mortgage Modification Agreement", "Gap Mortgage" & "Consolidation, Modification, and Extension Agreement"*

On March 4, 2004, a modification agreement converted the 2002 credit line into a term loan, and the credit line mortgage into a term mortgage. Luke Bassett had died, and Adell D. Bassett was named Executor of his Estate,[4] which assumed ownership of the mortgaged property at 112-13 Francis Lewis Boulevard (Compl., Ex. C). Under the agreement, his Estate assumed all of Luke Bassett's obligations under the guaranty and mortgage. Adell D. Bassett also assumed the role of "Unsecured Guarantor," and together with the mortgagors (Burnell's, American Bug, and the Estate of Luke Bassett), agreed to be jointly and severally liable under the mortgage and related notes. The agreement was recorded in the Queens County Recording Office. (*Id.*)

On the same date, a "gap" mortgage added an additional $251,000 of indebtedness to the original mortgage. (Compl., Ex. D.) The agreement provides for joint and several liability among the mortgagors and Adell D. Bassett as an additional guarantor.

Burnell's, American Bug, and the Estate of Luke Bassett also executed an agreement restating the mortgagors' responsibilities in both the 2002 mortgage and the "gap" mortgage, and clarifying that the total principal mortgage had become $750,000. (Compl. Ex. E.) An affidavit signed by Adell Doris Bassett noted that none of the $750,000 had yet been repaid. (*Id.*)

### *October 1, 2005 "Gap Mortgage", "Consolidation, Modification, and Extension Agreement", "Restated Promissory Note" & "Guaranty of Payment"*

On October 1, 2005, the mortgagors entered into a second "gap" mortgage in the amount of $200,000. (Compl., Ex. F.) At the same time, an agreement acknowledged that the prior mortgages,

---

[4] Plaintiff produced documentary support demonstrating that Adell D. Bassett became Executor of the Estate of Luke Bassett on August 14, 2003. (*See* Dkt. 30-3). *See also* N.Y. Surr. Ct. Proc. Act Law § 1412(1) (McKinney, 2019).

plus the second "gap" mortgage, brought the total indebtedness on the properties to $950,000 in a single mortgage. (Compl., Ex. G.)  The mortgagors agreed they would be jointly and severally liable for the debt.  The mortgagors also agreed that mortgagee could pursue a deficiency judgment in the event that a foreclosure action is brought.  (*Id.*, Ex. A, Section 10.9.)  The gap mortgage and this agreement were recorded on March 15, 2006 in the Queens County Recording Office.

Burnell's, as the named Borrower, also executed a Restated Promissory Note, which includes a security clause stating that payment under the loan is guaranteed jointly and severally by American Bug and Adell D. Bassett in her individual capacity and as Executor of the Estate of Luke Bassett. (Compl., Ex. A.)

A "Guaranty of Payment" states that the mortgagee was willing to make the loan to Burnell's only if Adell D. Bassett, American Bug, and the Estate of Luke Bassett jointly and severally guaranteed payment of the debt to Community Capital Bank and its "successors and assigns." (Compl., Ex. H., at ¶ 11.)  The guaranty also bound "the heirs, executors, administrators, legal representatives, successors and assigns" of the guarantors to the agreement.  (*Id.*)

### B.  Succession of Ownership of the Loan Documents

The original mortgagee on the Properties and holder of the Loan Documents, Community Capital Bank, merged with Carver Federal Savings Bank ("Carver"), which became the owner and holder of the Loan Documents.  (Compl. ¶¶ 13; 23; Compl., Ex. I.)  Carver subsequently assigned the Loan Documents to Plaintiff on September 24, 2015.  (Compl. ¶¶ 24-26; *see also* Compl., Exs. A, I.)  The assignment of the mortgages was duly recorded in the Queens County Recording Office on December 28, 2015.  (Compl. ¶ 27; *see also* Compl., Ex. I.)

### C.  Ronald Bassett

On August 5, 2010, upon the death of Adell D. Bassett, the Surrogate's Court in Jamaica, Queens issued a Decree Granting Probate for her will, ordering that letters testamentary issue to her

4

son Ronald Bassett as Executor.  (Dkt. 30-2.)  He was also named in her Last Will and Testament as her heir for all but $5,000 of her estate. (Dkt. 30-1, at p. 5, "Fifth," part (B).)  Adell D. Bassett inherited the mortgaged property located at 112-13 Francis Lewis Boulevard from her husband Luke Bassett; upon her death, ownership of this property passed to Ronald Bassett.  (Compl. ¶¶ 5, 14; Dkt. 30-1, at pp. 3-4, "Fifth"; Dkt. 30-2; Dkt. 31-1, at p. 3, "Fourth"; Dkt. 31-2.)

### D.  Requirements Under the Loan Documents

The Loan Documents provide that the mortgagors must make monthly payments and pay real estate taxes; failure to do so would constitute a default. (Compl. ¶ 29; *see also* Compl., Exs. A-B.) In the event of a default, the entire unpaid principal of the loan may be declared immediately due to the mortgagee.  (Compl. ¶ 29; Compl., Ex. A, ¶ 3, "Default and Acceleration.")  The mortgagee (who is now Plaintiff) would also be entitled to collect rents generated by the Properties, appoint a receiver, and collect legal expenses, costs and fees.  (Compl. ¶ 29.)

Beginning around April of 2012, the mortgagors failed to pay certain real estate taxes, constituting a default under the Loan Documents.  (Compl. ¶ 30.)  Since at least April of 2015,[5] mortgagors stopped making loan payments, also constituting a default.  (*See* Declaration of David Goldwasser, Dkt. 11-3, at ¶ 6.)  By letter dated July 1, 2015 (the "Default Letter"), Carver notified Burnell's, American Bug, and Adell D. Bassett (through the individual listed as her attorney in the October 1, 2005 Guaranty of Payment) that Burnell's as the Borrower was in default. (Compl. ¶ 31; *see also* Compl., Ex. H, J.)  Carver then accelerated the Restated Promissory Note, making all the payments immediately due, and notified Burnell's, American Bug, and Adell D. Bassett by letter dated July 28, 2015 (the "Acceleration Letter").  (Compl. ¶ 33; *see also* Compl., Ex. K.)  Burnell's and

---

[5] The letter sent to mortgagors dated July 1, 2015 states that the default occurred as of "March 15, 2015," (Compl., Ex. J), whereas the letter dated July 28, 2015 gives the date of default as "April 15, 2015."  (Compl., Ex. K.)

American Bug, as guarantors and mortgagors, and Ronald Bassett, as an heir and executor of Adell D. Bassett's Estate, remain in default under the Loan Documents. (Compl. ¶ 34; Compl., Ex. A.)

## PROCEDURAL BACKGROUND

Plaintiff initiated this commercial mortgage foreclosure action on June 14, 2018 against Burnell's, American Bug, and Ronald Bassett. (Dkt. 1.) Plaintiff also named DOF, ECB, and American Express as defendants, based on the possible existence of liens, judgments, encumbrances, *lis pendens*, or other filings against the Properties. (Compl. ¶¶ 7-9.)

Plaintiff served each named Defendant within 90 days of the filing. (Nagi Decl. ¶¶ 7-13, Dkt. 22-1; *see also* Mot., Ex. B, C, D, E, F, G.) The Clerk of the Court issued a Certificate of Default against Burnell's, American Bug, DOF, ECB, and American Express on September 12, 2018 (Nagi Decl. ¶ 14; *see also* Mot., Ex. H), and against Ronald Bassett on September 26, 2018. (Nagi Decl. ¶ 15; *see also* Mot., Ex. I.) None of the Defendants answered the Complaint. Plaintiff filed the Motion on October 10, 2018, including a copy of the Complaint, proof of service of the Complaint on each Defendant, a Notice of Motion, Declaration in Support, Memorandum of Law, and a Proposed Order. (*See* Dkt. 22.) Plaintiff served the Motion on each Defendant and filed such proof on the docket. (*See* Dkts. 23, 24.) Pursuant to Court orders, Plaintiff also submitted supplemental information and documentation to the Court. (Dkt. 30; 31.)

## DISCUSSION

### I. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process regarding default judgments. Fed. R. Civ. P. 55. First, the Clerk of the Court enters a party's default when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Then, the plaintiff can apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "[J]ust because a party is in

default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).

Before a court grants a motion for default judgment, a court may, but is not required to, adjudicate personal jurisdiction. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (leaving open the question "whether a district court must investigate its personal jurisdiction over [a] defendant before entering a default judgment."); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.").

Additionally, the Court must ensure that (1) Plaintiff took all the required procedural steps in moving for default judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A court possesses significant discretion in granting a motion for default judgment, including whether the grounds for default are clearly established and the amount of money potentially involved. *See Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW) (CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted*, 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012).

## II. Jurisdictional and Procedural Requirements

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, the federal diversity statute. The matter in controversy exceeds $75,000. (Compl. ¶ 11.) *See* 28 U.S.C. § 1332(a)(1). Additionally, Plaintiff met the burden of establishing diversity of citizenship as to all Defendants. Plaintiff is a citizen of Florida because its sole member, FIA Capital Partners, LLC, is a citizen of Florida, and the sole member of FIA Capital Partners, LLC, is an individual who is also a citizen of Florida. (Compl. ¶ 2.) *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (limited liability companies assume the citizenship of each of their members). Defendants Burnell's, American Bug, DOF, and ECB are citizens of New York

because each has a principal place of business in New York.  (Compl. ¶¶ 3-4; 7-8.)  *See* 28 U.S.C. §

1332(c)(1).  Defendant American Express is a citizen of Utah.  (Compl. ¶ 9.)  *See* 28 U.S.C. §

1332(c)(1).  Lastly, Ronald Bassett is a citizen of New York, although he is currently incarcerated in

Pennsylvania, because he was a citizen of New York prior to his incarceration.  (Compl. ¶¶ 5-6.)

Even if Ronald Bassett were to establish citizenship in the state of his incarceration, Plaintiff would

still satisfy diversity jurisdiction because Ronald Bassett would be a citizen of Pennsylvania.  (Compl.

¶ 5.)  *See Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004) (stating there

is a rebuttable presumption that a prisoner retains his former domicile) (citing *Housand v. Heiman*,

594 F.2d 923, 925 n.5 (2d Cir. 1979)).

 The Court's exercise of personal jurisdiction over all Defendants except ECB is appropriate.

Plaintiff properly served corporate Defendants Burnell's and American Bug through the New York

Secretary of State.  (Nagi Decl. ¶¶ 8, 9; Mot., Exs. B, C.)  *See* N.Y. Bus. Corp. Law § 306(b)(1).

Defendant American Express was properly served through its registered agent.  (Nagi Decl. ¶ 12;

Mot., Ex. F.)  *See* N.Y. C.P.L.R. 311(a)(1).  Defendant DOF was properly served on the New York

City Corporation Counsel's office, located at 100 Church Street.[6]  (Mot., Ex. D.)  Defendant Ronald

Bassett was properly served individually and in his capacity as Executor of the Estate of Adell D.

Bassett through a Deputy Sheriff at the place of his incarceration.  (Nagi Decl. ¶ 13; Mot., Ex. G.)

 Defendant ECB was served on "Yani Serrano, supervisor," at 66 John Street.  (Nagi Decl. ¶¶

10, 11; Mot., Exs. D, E.)  This is not proper.  ECB, as an entity that can only be sued as part of the

City of New York, should have been served through the New York City Corporation Counsel at 100

Church Street.  *See* N.Y. C.P.L.R. 311(a)(2); Fed. R. Civ. P. 4(j)(2); *see also CIT Bank, N.A. v. Paganos,*

---

[6] DOF and ECB are entities that cannot be sued; the City of New York is the proper party.  *See* N.Y.C.
Admin Code & Charter Ch. 16 § 396 ("All actions . . .shall be brought in the name of the city of New York
and not in that of any agency . . ."").  The undersigned construes the claims to be brought against the City of
New York.  *See, e.g., Alleva v. New York City Dep't of Investigation,* 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010),
*aff'd*, 413 F. App'x 361 (2d Cir. 2011).

No. 14-CV-3987 (CBA) (VMS), 2015 WL 13731361, at *3 (E.D.N.Y. Sept. 25, 2015), *R&R adopted as modified*, 2016 WL 3945343 (E.D.N.Y. July 19, 2016).  Without proper service, ECB should be dismissed.  *See* Fed. R. Civ. P. 4(m).

Additionally, Plaintiff has demonstrated that it has taken the required procedural steps and submitted all the correct papers necessary for its motion.  It submitted the notice of motion (Dkt. 22), a memorandum of law (Dkt. 22-3), and all relevant exhibits necessary for its motion. (Mot., Exs. A-J.)  Fed. R. Civ. P 55(b)(2).  In addition, it attached the Clerk's certificate of default (Mot., Exs. H, I), a copy of the Complaint (Mot., Ex. A.), and a proposed order (Dkt. 22-4.)  Pursuant to Local Rule 55.2(c), Plaintiff also submitted to the Court proof of mailing of the Motion to each defendant (Dkts. 23, 24.)

### III. Liability

A defendant who defaults admits all "well-pleaded" factual allegations in the Complaint, except those relating to damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Windward Bora LLC v. Qazi*, No. CV-18-6912 (DRH) (ARL), 2019 WL 2374847, at *2 (E.D.N.Y. May 16, 2019).  When determining liability, the Court accepts as true all well-pleaded allegations in the Complaint, drawing all reasonable inferences in favor of Plaintiff.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Finkel*, 577 F.3d at 84; *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158-59 (2d Cir. 1992).  The Court may conduct hearings if it needs to "establish the truth of any allegations by evidence" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2).  Even if the alleged facts are deemed admitted, they must nevertheless constitute legitimate causes of action.  *See Mickalis Pawn Shop*, 645 F.3d at 137 ("[A] district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel*, 577 F.3d at 84).

### A. Defendants Burnell's, American Bug, and Ronald Bassett

To establish a *prima facie* case of foreclosure in New York, a plaintiff must show (1) a mortgage, (2) an unpaid note, and (3) proof of default. *See 1077 Madison St., LLC v. Smith*, 670 F. App'x 745, 746 (2d Cir. 2016). If the plaintiff did not originate the loan, it is required to prove its valid and current ownership of the instruments. *See Miss Jones LLC v. McCormick*, No. 16-CV-7129 (WFK) (RER), 2017 WL 4877437, at *2 (E.D.N.Y. Aug. 9, 2017), *R&R adopted*, 2017 WL 4898278 (E.D.N.Y Oct. 27, 2017). "Once a plaintiff mortgagee in a foreclosure action has established a *prima facie* case … it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Windward Bora*, 2019 WL 2374847, at *2.

Plaintiff submitted the Loan Documents, along with other documents, proving its *prima facie* case of foreclosure. (Compl., Exs. A-G, J, K.) *See 1077 Madison St.*, 670 F. App'x at 746. The Loan Documents establish that Burnell's, American Bug, and Luke Bassett executed a mortgage and security agreement with Community Capital Bank (the original lender) in the amount of $499,000. (*See* Compl., Ex. A at 1; Ex. B.) This amount, through the addition of two gap mortgages, became $950,000. (Compl., Ex. A at 1.) The Loan Documents delineate the circumstances under which default will occur and include an acceleration clause, whereby, in the event of a default, the entire unpaid principal of the loan may be declared immediately due by Plaintiff. (Compl. ¶ 29; *see also* Compl., Ex. A; Ex. B.) The Guaranty of Payment, dated October 1, 2005, makes clear that Adell D. Bassett, the Estate of Luke Bassett, and American Bug, and all of their "heirs, executors, administrators, legal representatives, successors and assigns" would jointly and severally guarantee the $950,000 debt. (Compl., Ex. H at ¶ 11.) Plaintiff provided documents to show that Adell D. Bassett is now deceased and that Ronald Bassett is the Executor of her Estate and her heir. Documents associated with Adell D. Bassett's estate also indicate that Ronald Bassett owns the property located at 112-13 Francis Lewis Boulevard. (Compl. ¶¶ 5, 14; Dkt. 30-1, 30-2.)

Beginning in April 2012, Burnell's failed to pay certain real estate taxes and thus defaulted on the Loan Documents. (Compl. ¶ 30.) Beginning in at least April 2015, Burnell's failed to make loan repayments, constituting default. (Compl., Ex. J, K.) Carver, through its attorneys, thereafter sent a default letter, dated July 1, 2015, notifying Burnell's, American Bug, and Adell D. Bassett that Burnell's was in default. (Compl., Ex. J.) It then sent a follow-up "Acceleration Letter," dated July 28, 2015, notifying them that all payments were immediately due. (Compl. ¶ 33; *see also* Compl., Ex K.) Burnell's, along with American Bug and Adell D. Bassett as the guarantors, failed to cure the defaults and thus remain in default on the Loan Documents. (Compl. ¶ 34.) Moreover, Ronald Bassett, as Executor of the Estate of Adell D. Bassett, and as her heir and owner of the property at 112-13 Francis Lewis Boulevard, also failed to cure the default. (Compl. ¶¶ 5, 14; Dkt. 30-1, at pp. 3-4, "Fifth"; Dkt. 30-2; Dkt. 31-1, at p. 3, "Fourth"; Dkt. 31-2.) Ronald Bassett, Burnell's, and American Bug, are jointly and severally liable under the Guaranty of Payment for the amounts due under the Loan Documents. (Compl., Ex. H.)

Plaintiff also submitted proof of its current ownership of the Loan Documents. (Compl. ¶ 25; Compl., Exs. A, I.) The original lender, Community Capital Bank, merged with Carver and, subsequently, Carver assigned the Loan Documents to Plaintiff on September 24, 2015. (Compl. ¶¶ 23, 25-26; *see also* Compl., Exs. A, I.) Pursuant to the allonge to the Restated Promissory Note, dated October 1, 2005, Plaintiff is also the current holder of the Loan Documents. (Compl. ¶ 24; *see also* Compl., Ex. A.) *See 1077 Madison St.*, 670 F. App'x at 746-47.

Plaintiff has established its entitlement to foreclosure, and, by failing to appear in this action, Defendants have not rebutted its case.

Plaintiff also requests that the Court allow it to "submit evidence to the Court as to the amounts due and owing to [it], along with a proposed Judgment of Foreclosure and Sale …" so that the Court may ascertain and determine such amounts. (Nagi Decl. ¶ 20; *see also* Mem. of Law at 5,

11

Dkt. 22-3.)  Plaintiff is entitled to seek a deficiency judgment against a defendant who is liable under

the mortgage for any debt remaining after the foreclosure sale.  *See* N.Y. REAL PROP. ACTS. LAW §

1371 (McKinney, 2019); *see also TD Bank, N.A. v. Talia Properties, Inc.*, 973 N.Y.S.2d 789, 790 (2d

Dep't 2013).

Accordingly, the undersigned recommends that Plaintiff's request for a default judgment of

foreclosure and the right to seek a deficiency judgment against Defendants Burnell's, American Bug,

and Ronald Bassett, individually, and as Executor of the Estate of Adell D. Bassett, be granted.

### B. Defendants DOF and American Express

Plaintiff seeks default judgments against DOF and American Express to terminate their

alleged interests in the Properties.  (Compl. ¶¶ 7-9.)  In all proceedings involving real property,

"[e]very person having any lien or incumbrance upon the real property which is claimed to be

subject and subordinate to the lien of the plaintiff" are necessary defendants.  N.Y. REAL PROP.

ACTS. LAW § 1311(3) (McKinney, 2019).  Including these parties is important since "the foreclosure

action will extinguish the rights of all parties with subordinate interests in the property."  *Miss Jones*

*LLC*, 2017 WL 4877437, at *3.

In cases where the city or an administrative board thereof is named as a defendant affecting

real property, the complaint must set forth "[d]etailed facts showing the particular nature of the

interest in or lien on the real property and the reason for making such city a party-defendant."  N.Y.

REAL PROP. ACTS. LAW § 202-a (McKinney, 2019).  Thus, for a court to grant a default judgment

against city defendants, a complaint should have more than just "bare allegations" that the city

entities were necessary because of possible liens encumbering the property.  *See, e.g., One W. Bank,*

*N.A. v. Cole*, No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *4 (E.D.N.Y. July 17, 2015), *as*

*amended*, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *R&R adopted sub nom*, 2016 WL 1069951

(E.D.N.Y. Mar. 18, 2016); *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13 CV-253 (CBA), 2014 WL

3525011, at *12 n.30 (E.D.N.Y. Mar. 12, 2014), *R&R adopted*, 2014 WL 3528460 (E.D.N.Y. July 15, 2014).

DOF is a New York City agency, but Plaintiff failed to provide "detailed facts" showing the nature of its interest and possible liens. N.Y. REAL PROP. ACTS. LAW § 202-a. Plaintiff alleged that DOF "ha[s] or claim[s] to have some interest in, or lien upon, the Property" which has "accrued subsequent to the lien of the Mortgage, and is subject and subordinate thereto…." (Compl. ¶ 41.) Plaintiff does not allege more than "bare allegations" of the DOF's interest and thus did not reach the heightened pleading standard that is required for this Defendant. *See Cole*, 2015 WL 4429014, at *4. Plaintiff failed to provide facts showing the nature of DOF's interest, or information related to the details of its alleged judgments constituting liens on the Properties. Accordingly, the undersigned recommends that default judgment against DOF be denied.

The same deficiencies in the Complaint's allegations apply equally to Defendant ECB. Thus, while the undersigned recommends that ECB be dismissed pursuant to Fed. R. Civ. P. 4(m), as discussed above, these deficiencies serve as an alternative basis for denying default judgment as to ECB.

Plaintiff has alleged the nominal liability necessary to establish a default judgment against American Express. Plaintiff alleges that American Express has "some interest in, or lien upon, the Property," which has "accrued subsequent to the lien of the Mortgage, and is subject and subordinate thereto…." (Compl. ¶ 41.) In contrast to DOF, there is no heightened pleading standard for American Express, which is not a city entity. *See CIT Bank, N.A. v. Howard*, No. 14-CV-7470 (ILG), 2018 WL 3014815, at *12 (E.D.N.Y. June 15, 2018). Default judgment is appropriate where the complaint alleges nominal liability against defendants with liens on the mortgaged property that are subordinate to the plaintiff's lien. *See, e.g., Howard*, 2018 WL 3014815, at *12; *E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at *3 (E.D.N.Y.

Feb. 24, 2015).  A complaint alleges nominal liability when it states "that any judgments the Defaulting defendants may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien."  *West Coast 2014-7, LLC v. Hamilton*, 17-CV-3918 (ADS) (ARL), 2018 WL 6251353, at *2 (E.D.N.Y. Nov. 8, 2018), *R&R adopted*, 2018 WL 6251338 (Nov. 29, 2018) (internal quotation marks omitted).  Here, Plaintiff alleges "nominal liability" against Defendant American Express.  (Compl. ¶ 9.)  Accordingly, the undersigned respectfully recommends that Plaintiff is entitled to default judgment against Defendant American Express.

## <u>CONCLUSION</u>

Based on the foregoing, the undersigned respectfully recommends that the Motion be granted as to Defendants Burnell's, American Bug, Ronald Bassett, individually and as Executor of the Estate of Adell D. Bassett, and American Express, but denied as to Defendants DOF and ECB. Additionally, the undersigned recommends that Plaintiff be allowed to submit evidence as to the amounts due and owing to it, along with a proposed Judgment of Foreclosure and Sale, in order to seek a judgment for any deficiency pursuant to New York Real Property Acts Law, Section 1371.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by September 13, 2019. Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any just objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge


Dated:    Brooklyn, New York
          September 7, 2019

15