UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
SAC FUND II 0826, LLC,

                      Plaintiff,

                  -against-

BURNELL'S ENTERPRISES, INC., AMERICAN BUG CO., INC., a/k/a AMERICAN BUG COMPANY, INC., RONALD BASSETT as EXECUTOR OF THE ESTATE OF ADELL D. BASSETT, RONALD BASSETT, individually, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, AMERICAN EXPRESS CENTURION BANK, and "JOHN DOE NO. I" to "JOHN DOE NO. XXX," inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

                      Defendants.
---------------------------------------------------------------

**REPORT AND RECOMMENDATION**

18-CV-3504 (ENV) (PK)

**Peggy Kuo, United States Magistrate Judge:**

      On February 7, 2019, the Court entered an order appointing Leo Salzman ("Salzman") as the receiver ("Receiver Order," Dkt. 28) for real property located at 193-02 Linden Blvd., St. Albans, New York; 110-11 Sutphin Blvd., Jamaica, New York; 111-21 Farmer's Blvd, St. Albans, New York; and 112-113 Francis Lewis Blvd., Jamaica, New York (collectively, the "Properties"). Before the Court on referral from the Honorable Eric N. Vitaliano is Plaintiff's Motion to discharge Salzman as the receiver and to appoint Jageshwar Sharma ("Sharma") as the new receiver. ("Motion," Dkt. 47.) For the reasons stated herein, the undersigned respectfully recommends that the motion be granted.

**BACKGROUND AND DISCUSSION**

The following facts are taken from the Motion, signed and filed on April 21, 2021, the Declaration of Mickey Salzman signed and filed on April 21, 2021 ("Mickey Salzman Decl.," Dkt. 47-1), and the Declaration of Leo Salzman signed and filed on April 21, 2021 ("Leo Salzman Decl.," Dkt. 47-2) annexed thereto.

I.   Request to Discharge Receiver

On the receiver's motion or on the court's own initiative, "the court which appointed the receiver may remove the receiver or modify the receiver's powers at any time." 28 U.S.C.A. § 3103(e).

Salzman was appointed as receiver of the Properties pursuant to the Receiver Order dated February 7, 2018.  (Dkt. 29.)  Upon his appointment as receiver, Salzman served all tenants of the Properties with notices to attorn.  (Leo Salzman Decl. ¶ 3.)  When Salzman did not receive any responses or rents from these notices, he sent his son and agent, Mickey Salzman ("Mickey") to visit the Properties to obtain rent from the tenants.  (Leo Salzman Decl. ¶ 3, Declaration of Mickey Salzman ¶ 3.)

When Mickey visited the Properties as Salzman's agent, he was advised by tenants that the owner directed them to continue paying rent to the owner and not to the receiver.  (Leo Salzman Decl. ¶ 4, Mickey Salzman Decl.¶ 4.)  Mickey visited one of the Properties with an address of 193-02 Linden Blvd., St. Albans, New York, where an unidentified individual purported to be the owner, although the owner was in prison at this time.  (*Id.*)  The individual purporting to be the owner confirmed to Mickey that he directed tenants to pay him rather than the receiver and revealed that he was carrying a firearm.  (*Id.*)  In light of the criminal history of the owner and the conduct of the individual purporting to be the owner, Mickey and Salzman do not feel comfortable returning to the Properties to collect any rent.  (Leo Salzman Decl. ¶ 5, Mickey Salzman Decl.¶ 5.)

Salzman is 74 years old and closing his law practice in order to transition to "other professional obligations in connection with [his] retirement." (Leo Salzman Decl. ¶ 6.)

2

Salzman is requesting that the Court discharge him as receiver of the Properties, cancel any bonds, and appoint a replacement receiver in connection with relief from his duties. (Leo Salzman Decl. ¶ 8.)

Because Salzman and his agent are unable to collect any rent and Salzman is retiring, the undersigned finds good reason to dismiss him as the receiver and appoint a replacement receiver to fulfill the obligations of the receivership.

II.     Request to Appoint New Receiver

The appointing court may authorize a receiver to manage residential or commercial property who has "demonstrable expertise in the management of these types of property." 28 U.S.C.A. § 3103(b).

Sharma is an experienced New York attorney who served as a Law Clerk at the Kings County Supreme Court from 1997 to 2001 and the Founder and Managing Member of his law practice, Sharma Law Group, PLLC, from 2004 to present. (Motion at 2.) Sharma has experience handling commercial and residential litigation matters, real estate property acquisitions, commercial and residential leasing, financing transactions, and corporate and commercial transactions. (*Id.*)

Sharma has been appointed by the New York State Supreme Court as a receiver to manage and maintain commercial and residential real property during a foreclosure process. (*Id.*) He is currently listed as an approved receiver on the New York State Supreme Court's Part 36 fiduciary list. (Motion at 3.)

Sharma is aware of the issues with rent collection in this matter and is prepared to commence actions to evict tenants who have violated the Receiver Order. (Motion at 1.)

Accordingly, Sharma has the necessary qualifications and experience in New York, is not an attorney for or related to any party to this action, and is a proper person to be the receiver in this action.

3

## **CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that the Motion be GRANTED as to Plaintiff's requests to discharge Salzman as the receiver and appoint Sharma as the new receiver.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by May 13, 2021.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any just objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         May 7, 2021

4