UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SAC FUND II 0826, LLC,                                              :
                                            Plaintiff,             :
                                                                   :
                                                                   :
                      -against-                                    :      MEMORANDUM & ORDER
                                                                   :
BURNELL'S ENTERPRISES, INC., AMERICAN :              18-CV-03504 (ENV) (PK)
BUG CO., INC., a/k/a AMERICAN BUG                   :
COMPANY, INC., RONALD BASSETT as                    :
EXECUTOR OF THE ESTATE OF ADELL D.                  :
BASSETT, RONALD BASSETT, individually,              :
NEW YORK CITY DEPARTMENT OF                         :
FINANCE, NEW YORK CITY                              :
ENVIRONMENTAL CONTROL BOARD,                        :
AMERICAN EXPRESS CENTURION BANK,                    :
and "JOHN DOE NO. I" to "JOHN DOE NO.               :
XXX," inclusive, the last thirty names being        :
fictitious and unknown to plaintiff, the persons or :
parties intended or corporations, if any, having or :
claiming an interest in or lien upon the premises   :
described in the complaint,                         :
                                            Defendants.   :
------------------------------------------------------------- x
VITALIANO, D.J.

     Plaintiff SAC Fund II 0826, LLC (the "Fund") commenced this action, pursuant to New

York Real Property Actions and Proceedings Law § 1301 *et seq.*, seeking to foreclose mortgages

upon premises at 193-02 Linden Blvd., St. Albans, New York; 110-11 Sutphin Blvd., Jamaica,

New York; 111-21 Farmer's Blvd., St. Albans, New York and 112-113 Francis Lewis Blvd.,

Jamaica, New York (collectively, the "property").  Defendants are Burnell's Enterprises, Inc.

("Burnell's"), American Bug Company, Inc. ("American Bug") and Ronald Bassett, individually

and as the Executor of the Estate of Adell D. Bassett, against whom a default judgment of

foreclosure was entered on November 15, 2019.[1]  Clerk's J., Dkt. 35. [2]

Before the Court is the May 13, 2022, Report and Recommendations of Magistrate Judge Peggy Kuo (the "R&R"), which recommends that the Court grant in part and deny in part the Fund's Motion for a Final Judgment of Foreclosure and Sale; that a deficiency judgment be entered as of May 13, 2022 in the amount of $3,407,152.44 and that from May 14, 2022 to the date of the sale, interest shall accrue at a per diem rate of $809.82.  R&R, Dkt. 61.  For the reasons stated below, the R&R is adopted with modification of the proposed order.

Background[3]

This lawsuit began in 2018, precipitated by defendants' failure to make necessary payments.[4]  Defendants allegedly failed to pay real property taxes in April of 2012, which triggered default under the mortgage terms.  In July of 2015, the defendants failed to make monthly payments of principal of interest, leading plaintiffs to accelerate the Note that same month.  Compl. at 8.  Defendants did not appear or otherwise respond to the complaint.  As a result, plaintiff's Motion for Default Judgment was granted as against defendants.  Order, Dkt. 34; *see also* Clerk's J.  The Fund then submitted a memorandum in support of its accounting of the amounts owed to it, as well as a Proposed Judgment of Foreclosure and Sale.  Mem., Dkt 36.

---

[1] Two city agencies were initially named as defendants but were dismissed earlier in the case.

[2] All citations to pages refer to the Electronic Case Filing System ("ECF") pagination.

[3] The Court presumes the parties' familiarity with the underlying facts and procedural history, which is recounted here only insofar as is helpful to an understanding of the R&R and defendants' objections.

[4] A state court action to foreclose the mortgage on this property apparently began in 2015.  R&R at 17.

In February 2021, defendants made a limited appearance to object to personal jurisdiction, claiming deficient service of process, and participated in a telephonic hearing about plaintiff's accounting.  Letter, Dkt. 39.  Defendants then filed two letters arguing that the Fund or its predecessors in interest had slow-walked its legal action against defendants and therefore should not benefit from accrued interest.  Letter, Dkt. 43; Letter, Dkt. 44.

On May 13, 2022, Magistrate Judge Kuo issued the instant R&R on plaintiff's Motion for Final Judgment of Foreclosure and Sale.  Magistrate Judge Kuo calculated that the amount due to the Fund, from the unpaid principal balance with interest, taxes and water with interest, insurance with interest, attorneys' fees and costs and a prepayment charge, totaled $3,407,152.44 with a further per diem accrual of $809.82, from May 14, 2022.  *Id.*  Defendants filed timely objections challenging the accrual of interest, the amount of attorneys' fees awarded, the joint sale of the encumbered parcels and the Fund's right to schedule the foreclosure sale beyond a 90-day window.  Obj. R&R ("Objections"), Dkt. 64.  The Fund filed a timely reply in opposition to defendants' objections.  Pl.'s Reply, Dkt. 67.

## Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).  Importantly, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018); *Barratt v. Joie*, No. 96-CV-

0324, 2002 WL 335014, *1 (S.D.N.Y. Mar. 4, 2002).

A district judge will "ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance." *Haynes v. Quality Markets*, No. 02-CV-250, 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003).  Furthermore, objections that are general or conclusory, or that "merely recite the same arguments presented to the magistrate judge," do not constitute proper written objections and are reviewed only for clear error.  *Sanders v. City of New York*, No. 12-CV-0113, 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted).

Finally, as to "those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" in order to accept those conclusions.  *Ruiz v. Citibank*, *N.A.*, No. 10-CV-5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)).  Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195, 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

Discussion

Defendants first object to the accrual of interest on the unpaid principal during periods of "delays" by the Fund or its predecessors in interest in the federal lawsuit as well as the previous state action.  Objections at 6–10.  These same concerns were raised in the pre-R&R letter to

4

Magistrate Judge Kuo. *See* Defs.' Letter, Dkt. 43.[5]  Reviewing for clear error, the Court finds

that Magistrate Judge Kuo correctly noted that granting the full amount of accrued interest would

not be inequitable even though, as defendants argued, the interest would reduce any possible

surplus funds from the sale.  The additional details defendants have marshalled in their objection

regarding delays in the prior litigation still does not demonstrate that the interest accrual is

inequitable.[6] *See Citimortgage, Inc. v. Gueye*, 52 Misc. 3d 1203(A), 38 N.Y.S. 3d 830 (N.Y.

Sup. Ct.).  Therefore, the Court adopts Magistrate Judge Kuo's conclusions regarding interest

accrued.

Defendants next object to the amount awarded in attorney's fees ($90,697 in total).

Objections at 11–13.  Defendants contend that the Fund's attorneys spent too much time on too

simple an action and that granting fees for time spent on the prior state court action would be

inappropriate.  This objection comes out of left field.  Although defendants had notice of the

Fund's motion for accounting and its firm billing records, they failed to previously raise this

argument before Magistrate Judge Kuo.  Mem. Pl.'s Accounting, Dkt. 36-1.  Moreover, even

---

[5] Defendants now argue that interest should not have accrued between the commencement and dismissal of an earlier state court action by the Fund's predecessors in interest, between the commencement of this action and the Fund's motion for default judgment and between the Fund's motion for default judgment and this Court's order granting that motion.  Objections at 6–10.  By contrast, in their pre-R&R letter, defendants argued that while interest could have accrued in one or two of the following periods, it should not have accrued in all three (between the initial default and the Fund's predecessor in interest's notifying defendants of their default, between that notification of default and the commencement of this action, and between the commencement of this action and the eventual date of judgment).  Letter, Dkt. 43, at 2.

[6] Any hint of inequity is further belied by the fact that plaintiff has been collecting rent on the properties throughout the litigation, and in that respect has *benefitted* from delays.  Pl.'s Reply at 11.

after participating in a telephonic hearing regarding plaintiff's accounting and filing two letters on that issue, defendants' counsel failed to challenge the billing records on the basis that the Fund's attorneys billed too much money and time for too simple an action. *See* Minute Entry dated Feb. 09, 2021; Letter, Dkt. 43; Letter, Dkt. 44. This militates toward reviewing Judge Kuo's conclusion for clear error, but even if *de novo* review were applied, the Court finds no error in Magistrate Judge Kuo's calculations.[7]

Defendants additionally attempt to revive the argument that the Fund should not be able to recover attorney's fees for its unsuccessful initial state action. Objections at 12–13. Magistrate Judge Kuo already dismissed defendants' cursory arguments on this point, and the Court agrees with her assessment. *See* Letter, Dkt. 43, at 2; R&R at 17 ("Defendants provide no support for their contention that attorneys' fees should only be calculated on the basis of legal work done in this action rather than in the totality of Plaintiff's efforts to foreclose on the Properties").[8] The relevant loan documents do not "limit the recovery of attorneys' fees to a single attempt at foreclosure". R&R at 17; *see also* Dkt. 1-1, Exhibit A at Article 17 (Restated Promissory Note); Letter, Dkt. 41-1, Exhibit A at Article 18.2 (Consolidation, Modification, and Extension Agreement). Accordingly, defendants' objection fails, and the Court awards reasonable attorney's fees of $90,697.00. *See* R&R at 15.

---

[7] Indeed, Magistrate Judge Kuo has already discounted the rates and hours billed by plaintiff's counsel in her recommendations. R&R at 12–15.

[8] Defendants' reference to *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), is inapposite. *Hensley* holds that successful plaintiffs in a civil rights action should not receive attorneys' fees for "different claims" based on "different facts and legal theories" made against the same defendants. *Id.* at 434–37. Plaintiff's two actions here are based on a single set of facts and a single legal theory, i.e., defendants' default on their loan and mortgage agreement.

Defendants' remaining objections concern the language in the Proposed Judgment of Foreclosure and Sale.  Defendants object that the Judgment does not account for the individual sale of the encumbered parcels, which they suggest is required by RPAPL § 1351.[9]  Objections at 14–15.  RPAPL § 1351 does state that the judgment "shall direct that the mortgaged premises, or so much thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action, and which may be sold separately without material injury to the parties interested" be sold.  N.Y. Real Prop. Acts § 1351.  The Fund does not oppose a judgment that the encumbered parcels be sold in individual lots, so long as the judgment "contains language requiring that at the auction the individual parcels be put up for bid individually and in combination so as to satisfy the Judgment."  Pl.'s Reply at 14.  In light of the parties' agreement on this issue, the Court modifies the Proposed Judgment of Foreclosure and Sale to direct that the parcels shall be offered individually and in combination, and sold in whichever manner achieved from the offer of a qualified bidder.

Defendants' final objection is to the language in the Proposed Judgment of Foreclosure and Sale, which would allow the Fund to "schedule the foreclosure sale as it so chooses."  Objections at 16; *see also* R&R, Dkt. 61-1 (Proposed Judgment of Foreclosure and Sale) at 5.  Per RPAPL § 1351, mortgage foreclosure sales are to take place "within ninety days of the date of the judgment."  N.Y. Real Prop. Acts § 1351.  However, "if the Referee cannot conduct the sale within 90 days of the date of the judgment" the Court may grant an extension for the referee

---

[9] Defendants also object that Magistrate Judge Kuo did not sufficiently determine that the Property can be sold in individual parcels, but that is, frankly, a misreading of the R&R.  In fact, the Proposed Judgment approved by Magistrate Judge Kuo specified that the properties are to be sold in individual parcels.  R&R Proposed Judgment, Dkt. 61-1, at 6.

to conduct the sale "as soon as reasonably practicable." *Wilmington Sav. Fund Soc'y v. Petion*, No. 19-CV-11801, 2022 WL 4485345, at *3 n. 6 (S.D.N.Y. Sept. 26, 2022).  Although the RPAPL provision regarding the timing of the sale is arguably procedural, *Wilmington Sav. Fund Soc'y*, 2022 WL 4485345 at *3, the Court deems it appropriate to adjust the Proposed Judgment to limit plaintiff's discretion in setting the date of sale.  *See, e.g.*, *CIT Bank, N.A. v. Neris*, No. 18-CV-01511, 2022 WL 4181789, at *4 (S.D.N.Y. Sept. 13, 2022) (extending deadline for the Referee to conduct the sale, if not within 90 days, "as soon as reasonably practicable"); *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Listwan*, No. 19-CV-3443, 2021 WL 1564769, at *4 (S.D.N.Y. Apr. 21, 2021) (same).  Therefore, the Judgment of Foreclosure and Sale is modified to clarify that the foreclosure sale should be held in accordance with RPAPL § 1351(1), that the date of the judgment is deemed the date it is entered, and that upon entry of judgment, plaintiff take forth with all necessary steps to facilitate the judgment sale, and if the referee is unable to conduct the sale within 90 days of the date of the judgment, the time fixed by RPAPL § 1351(1) will be extended for the sale to be conducted as soon as reasonably practicable, in accordance with Fed. R. Civ. P. § 6(b) and CPLR 2004.

## Conclusion

For the foregoing reasons, Magistrate Judge Kuo's Report and Recommendation is adopted as the opinion of the Court, with the following modifications.

(1) At the foreclosure sale, the parcels shall be offered individually and in combination so as to best satisfy the judgment.

(2) The foreclosure sale shall be held in accordance with RPAPL § 1351(1), and the date of the judgment is deemed the date it is entered, but should the sale be unable to be conducted within 90 days of the date of the judgment, the time fixed by RPAPL §

1351(1) will be extended for the sale to be conducted as soon as reasonably practicable, in accordance with Fed. R. Civ. P. § 6(b) and CPLR 2004.

(3) Per Magistrate Judge Kuo's direction and plaintiff's letter at Dkt. 65, the Judgment of Foreclosure and Sale will direct that advertisement of the foreclosure sale be made in New York Newsday, Queens Edition.

With respect to accrued interest and attorneys' fees due to plaintiff, the Court finds defendants' objections to be improperly made and Magistrate Judge Kuo's Report and Recommendation to be correct, well-reasoned, and free of any clear error.  For that reason, the recommendations are adopted.

A final Judgment of Foreclosure and Sale shall be entered in the form annexed hereto and made a part here as Exhibit A.

So Ordered.

Dated:  Brooklyn, New York
        August 31, 2023

                                        /s/ ENV
                                        ERIC N. VITALIANO
                                        United States District Judge

9